# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Eric Reed Martin, Respondent

Appellate Case No. 2014-001411

Opinion No. 27451
Heard September 10, 2014 – Filed October 1, 2014

## DEFINITE SUSPENSION

Lesley M. Coggiola, Disciplinary Counsel, and William
C. Campbell, Assistant Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

Eric Reed Martin, of Columbia, pro se.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
the imposition of any sanction set forth in Rule (7)(b), RLDE.  Respondent further
agrees to pay the costs incurred in the investigation and prosecution of this matter
by ODC and the Commission on Lawyer Conduct (the Commission) within thirty
(30) days of the imposition of discipline and to complete the Legal Ethics and
Practice Program Ethics School, Trust Account School, and Advertising School
within six (6) months of reinstatement.  We accept the Agreement and suspend
respondent from the practice of law in this state for six (6) months.  We further
order respondent to pay the costs incurred by ODC and the Commission in the
investigation and prosecution of this matter within thirty (30) days, and, in the
event he is reinstated to the practice of law, that he complete the Legal Ethics and
Practice Program Ethics School, Trust Account School, and Advertising School
within six (6) months of reinstatement.  In addition, should respondent seek
reinstatement, his Petition for Reinstatement shall be submitted to the Committee

on Character and Fitness for consideration and submission of a Report and Recommendation. The facts, as set forth in the Agreement, are as follows.

## Facts

In 2006, Complainants purchased a home relying on the representations of the loan officer that they could refinance the loan after five months to obtain lower monthly payments. Complainants found that they were unable to refinance the loan at five months and would have to wait until the loan was a year old. When Complainants attempted to refinance the home after the year passed, they learned the home would not appraise at an amount that would permit the refinance. Complainants could not afford to continue to make the current mortgage payments and became delinquent. Complainants retained respondent in January 2008 to bring an action on their claims regarding the representations of the loan officer concerning Complainants' ability to refinance the loan.

In May 2008, foreclosure proceedings were initiated against Complainants and respondent gave notice to the mortgage company regarding modification of the mortgage in September 2008. Complainants understood respondent was to defend them in the foreclosure action. Respondent was to file an answer with counterclaims and a third party complaint based on the representations of the loan officer that they would be able to refinance the loan to a lower payment.

Respondent agreed to handle the case on a contingency fee basis. Respondent acknowledges he did not comply with Rule 1.5, RPC, Rule 407, SCACR, in that he did not have a written fee agreement for his representation.

Respondent states he initially communicated with Complainants regarding actions such as a deed in lieu of foreclosure or a short sale to deal with the property. Respondent prepared an answer, counterclaims, and a third party complaint which were served on counsel for the foreclosing plaintiff. Respondent admits he did not effectuate correct service of the third party complaint on the defendant. He further admits that he failed to properly file the answer with the associated counterclaims and third party complaint with the Clerk of Court. Respondent admits that as the direct result of his failure to properly file and serve the answer, counterclaims, and third party complaint, Complainants did not have a pending legal action.

Complainants were able to resolve the foreclosure portion of the case by selling the property at a short sale in 2010. After the sale of the property, the foreclosure case was dismissed with prejudice.

Respondent did not keep in contact with Complainants and, ultimately, forgot about Complainants.  Respondent admits it was not until Complainants contacted him the fall of 2011 that he realized that they believed they still had an active case and respondent was still working on their case.  Respondent admits he was not honest with Complainants and, instead, told them he was still working on the case.  Respondent admits he deliberately misled Complainants as to the status of their case.

In late 2013, respondent finally admitted to Complainants that he failed to file the counterclaims and correctly file and serve the third party complaint, and therefore, the Complainants did not have a pending case.  Respondent admitted to Complainants that he had been lying to them since 2010.  Respondent returned the case file to Complainants and told them he would make good on the claims he failed to file knowing full well that he was unable to obtain funds to settle their claims.  Respondent does not maintain professional liability insurance against which Complainants could file a claim. The amount of loss Complainants have suffered, if any, is yet to be determined.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter); Rule 1.5 (contingent fee agreement shall be in writing signed by client and shall state method by which fee is to be determined); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

The Court finds a six (6) month suspension from the practice of law is the appropriate sanction for respondent's misconduct and suspends respondent accordingly.[1]  Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission no later than thirty (30) days from the date of this opinion.  Further, any Petition for Reinstatement shall be submitted to the Committee on Character and Fitness for its consideration and submission of a Report and Recommendation.  Should respondent be reinstated to the practice of law, he shall complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School within six (6) months of reinstatement and shall provide proof of completion to the Commission no later than ten (10) days after the conclusion of the programs.  Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

[1] Respondent's disciplinary history includes a public reprimand, In the Matter of Martin, 289 S.C. 467, 699 S.E.2d 695 (2010), an admonition in 2003 and 2011, and a deferred discipline agreement involving similar misconduct in 2007.